(89 Misc. Rep. 458)

## GOLDSMITH v. LEVINE et al.

(Supreme Court, Appellate Term, First Department.   March 18, 1915.)

DISCOVERY ⬤�longdash41—EXAMINATION BEFORE TRIAL—SCOPE OF ORDER.

   Where plaintiff's first cause of action was for commissions earned up to the date of her discharge, and the second for damages for breach of the contract, an order directing the defendants to furnish plaintiff with information, and to testify, regarding all the customers and sales made by defendants in their place of business from a certain date until the expiration of the agreement as claimed by plaintiff, was too broad, in not being at least limited to sales procured by the plaintiff, or new orders received by defendants after plaintiff's discharge, on which plaintiff would have been entitled to commissions, had the employment continued.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54;  Dec. Dig. ⬤⟶41.]

Appeal from City Court of New York, Special Term.

Action by Harriet Goldsmith against Jacob H. Levine and another. From an order requiring defendants to furnish plaintiff with information regarding customers and sales, defendants appeal.   Reversed.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Boudin & Liebman, of New York City (Louis B. Boudin, of New York City, of counsel), for appellants.

Bogart & Bogart, of New York City (John Bogart, of New York City, of counsel), for respondent.

HENDRICK, J.   The court below directed the defendants "to furnish certain information to plaintiff and to testify regarding all the customers and sales made by the defendants in their place of business from April 20th, until the expiration of the agreement as claimed by the plaintiff, the amount of said sales, and in addition thereto all payments made by the defendants to the plaintiff during the time that she was employed by them as alleged in plaintiff's complaint."   The complaint contains two causes of action, one for commissions on goods sold by plaintiff up to September 14, 1914, the other for breach of the contract.   The contract by its terms expired January 1, 1915.   The answer is a general denial.

Plaintiff obtained ex parte, from a justice in the court below, an order for the examination of defendants before trial, which required the defendants to "submit to an examination and testify concerning the matters set forth in the annexed affidavits and relevant to the issues"; the affidavits referred to being those on which the order was granted.   In those affidavits the plaintiff sought to examine defendants to prove pursuant to the terms of the agreement, that the defendants obtained orders for merchandise by or through the efforts of plaintiff, and the amount of such orders during the period fixed by the contract.   In obedience to this order one of the defendants was examined, and it is conceded that he furnished all lists and testified concerning the sales made by defendants, through the procurement of plaintiff, from

the time of her employment until the day of her discharge, September 14, 1914; the commissions on such sales being the basis of the first cause of action. The plaintiff demanded that defendants testify to all sales made by them in their place of business from the time of the discharge September 14, 1914, to January 1, 1915, when the agreement expired by its terms. The defendants refused, claiming that they were not required so to do by the order of the court. Thereupon plaintiff applied to another justice of the City Court for the order appealed from. The application was based upon the affidavit of Mr. Bogart, attorney for the plaintiff, and the order first granted in the court below. Mr. Bogart's affidavit states no facts which would entitle plaintiff to any further examination than that directed by the first order of the court; but the order appealed from enlarges the scope of that order, and directs the defendants to furnish plaintiff and to testify "regarding all the customers and sales made by defendants in their place of business from April 20th until the expiration of the agreement as claimed by the plaintiff, the amount of sales," etc.

In any view this order is too broad. It is not even limited to sales procured by plaintiff, nor to new orders received by defendants after plaintiff's discharge, which were renewal orders on which, if the employment had continued, the plaintiff would have been entitled to commissions. As we view the complaint, although the second cause of action is very obscurely stated, the first cause of action is for commissions earned up to the date of the discharge, September 14, 1914, and the second for damages for the breach of the contract. The latter cause of action could be sustained only by proof of what plaintiff would have earned if she had remained in defendants' employ from September 14, 1914, to January 1, 1915; and no examination of defendants' books would aid her in making that proof. We do not think that, upon the papers upon which the application was made, resulting in the order appealed from, the justice making such order had the power to enlarge the order first made. If the plaintiff thought that, by refusing to answer as to sales made by them after plaintiff's discharge, the defendants were disobeying the original order, she should have applied to the justice making such order to punish them for contempt, or to modify or enlarge the order granted by him.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.